UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| GLENN J. MORAN, | CASE NO. 1:05CV2285 |
| Appellant, | JUDGE CHRISTOPHER A. BOYKO |
| vs. | OPINION AND ORDER |
| THE COMMITTEE OF ADMINISTRATIVE CLAIMANTS, Appellee. | |

**CHRISTOPHER A. BOYKO, J**.:

This matter comes before the Court upon the Motion (ECF DKT #25) of Dennis Babcock, James Baske, Eric Evans, and George Henning ("Movants") to Intervene or for Leave to File Amicus Curiae Brief. For the reasons that follow, the motion is denied.

## I. BACKGROUND

Throughout 2004, The Official Committee of Administrative Claimants ("Committee") investigated suspected director and officer misconduct which the Committee ultimately determined had caused over One Hundred Million Dollars in damages to the LTV Steel bankruptcy estate. In May of 2004, the Committee made a written demand of LTV Steel to pursue an action against the directors and officers. With further investigation, and after LTV refused to pursue the action, the Committee filed a motion, on April 15, 2005, to proceed on behalf of the LTV Steel bankruptcy estate. A proposed complaint was submitted to the Bankruptcy Court in May of 2005. A hearing was conducted on June 7, 2005 and the

Bankruptcy Court requested post-hearing briefs.  On September 2, 2005, Bankruptcy Judge Baxter granted the Committee's standing motion in part.  On September 13, 2005, the Committee filed its action against Glenn Moran, these movants and others, in Case No. 05-2158, before United States District Judge Donald Nugent.  On September 27, 2005, Glenn Moran filed the instant appeal of Bankruptcy Judge Baxter's ruling.  On February 8, 2006, the within motion to intervene was filed, by which Babcock, Baske, Evans, and Henning seek to be joined as appellants.  In the alternative, they ask this Court to allow them to submit amicus briefs.

Movants' recited purpose for participating in this appeal is to avoid the cost, risk and burden of defending the Director and Officer Litigation ("D & O Litigation") before Judge Nugent.  Movants argue they did not have prior notice of the Committee's motion for leave to assert claims against them based upon their conduct while employed by LTV Steel.  Movants also argue they did not act sooner because they relied upon LTV Steel to protect their interests.  Their interests allegedly differ from Moran's, so they wish to intervene or submit briefs addressing their unique positions.  Movants believe they have the right to intervene under 11 U.S.C. § 1109(b),which allows a "party in interest" to appear and be heard on any issue in a case under the Bankruptcy Chapter of the U.S. Code.  They also contend they have the right to intervention under Fed. R. Civ. P. 24(a)(2); and their interests are not adequately protected by existing parties to the litigation.

## II. LAW AND ANALYSIS

11 U.S.C. § 1109(b) provides:

A party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture

> trustee, may raise and may appear and be heard on any issue in a **case** under this chapter.  (Emphasis added).

"Case law interprets the statutory language 'party in interest' expansively." *Official Committee of Unsecured Creditors of Grand Eagle Companies, Inc. v. Asea Brown Boveri, Inc.*, 313 B.R. 219, 225 ( Bankr. N.D. Ohio 2004).  In their analysis, however, courts will consider whether a prospective party in interest has a sufficient stake in the outcome of the proceeding.  *Id.*

§ 1109(b) must be read in juxtaposition with Fed. R. Civ. P. 24, governing intervention.  *In Re Terex*, 53 B.R. 616, 622 (Bankr. N. D. Ohio 1985) (citing *In Re Fuel Oil Supply and Terminaling*, 762 F. 2d 1283, 1286 (5th Cir. 1985).

> Fed. R. Civ. P. 24(a) provides:
>
> Intervention of Right.  Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditioned right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Courts do not readily find an unconditional statutory right to intervene.  "That absolute right to intervene is generally conferred upon the United States or a federal regulatory commission, and rarely upon private parties." *Terex*, *id.*

The burden of demonstrating inadequate representation by existing parties rests upon the applicant for intervention.  *Meyer Goldberg of Lorain v. Goldberg*, 717 F. 2d 290 (6th Cir. 1983). Moreover:

> Representation is generally considered adequate if no collusion is shown between the representative and an opposing party, if the representative does not represent an interest adverse to the proposed intervenor and if the representative has been diligent

in prosecuting the litigation. *In Re CVC, Inc. v. Conway, Patton & Bouhall*, 106 B.R. 478, 479 (Bankr. N.D. Ohio 1989) (quoting *Delaware Valley Citizens' Council v. Commonwealth of Pennsylvania*, 674 F. 2d 970, 973 (3rd Cir. 1982)).

The primary criterion that must be satisfied before intervention as of right will be granted is the timeliness of the application to intervene. Several factors comprise the analysis of timeliness:

> (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenor knew or reasonably should have known of his interest in the case; (4) the prejudice to the original parties due to the proposed intervenor's failure, after he or she knew or reasonably should have known of his interest in the case, to apply promptly for intervention; and (5) the existence of unusual circumstances militating against or in favor of intervention. *United States v. Tennessee*, 260 F. 3d 587, 592 (6th Cir. 2001).

**Notice**

Applying the law set forth above to the facts before this Court, intervention in this bankruptcy appeal by Babcock, Baske, Evans, and Henning must be denied. Initially, this Court finds that Movants, indeed, had notice in sufficient time to take action to assert their interests. Movants had notice of the Committee's investigation and its demands upon LTV Steel. (See letter from Moran to Henning and Evans dated July 1, 2003 submitted with the Committee's Objection). Henning and Evans were also provided with a copy of the demand letter on May 25, 2004. On June 25, 2004, Moran advised Baske, Babcock, Evans and Henning that they were included among the defendants in the Committee's potential lawsuit. Movants were, additionally, provided a copy of the standing motion and were provided a copy of the proposed complaint in April and May of 2005, respectively. All relevant filings were available on the Bankruptcy Court's free web site. A hearing was conducted on June 7, 2005, and Movants did not attend nor seek leave to attend. Post-hearing briefs were

submitted; but Movants did not seek leave to submit briefs on their own behalf.

**Timeliness**

Even if the Court were to accept the Movants' contention that they had no meaningful notice until the filing of the instant appeal on September 27, 2005, the Movants' motion to intervene is still untimely. Reviewing the timeliness factors outlined in *United States v. Tennessee*: First, Movants waited four and one-half months after the initiation of this lawsuit and after the conclusion of the briefing on the merits and on the motion to dismiss before moving to intervene. Next, the stated purpose for participating in this appeal was to avoid the "cost, risk and burden of defending the D & O Litigation." (Movants' Reply Brief; ECF DKT #28 at page 9). That litigation has been stayed by Judge Nugent; so, those damages are frozen and limited. Notwithstanding, Movants have not convinced this Court that intervention in Moran's appeal is necessary, when the D & O Litigation provides an adequate forum for the presentation of their available arguments and defenses. As is evident from the recitation of facts above, Movants knew or reasonably should have known of their interest in the case for nearly two years prior to their application to intervene. Due to Movants' failure to promptly enter the case, Appellant Glenn Moran will likely be forced to prepare additional briefing and, perhaps, to pursue more discovery in order to fully address Movants' self-proclaimed "unique" issues. Movants believe this prejudice does not exist; yet, they are not qualified to speak on behalf of Appellant Glenn Moran or the Committee. After a thorough examination of all sides of this intervention issue, the Court fails to identify any "unusual circumstances", as defined in *United States v. Tennessee*, that militate in favor of Movants' intervention.

The Court notes that Bankruptcy Rule 8002(a) requires a notice of appeal to be filed

within ten days of the entry of the judgment, order, or decree appealed from.  Courts have strictly construed this Rule, and have held that an untimely filing of an appeal deprives the court of jurisdiction.  *Considine v. Atkinson*, No. 98-6455, 1999 U.S. App. LEXIS 20347, at *3-5 (6th Cir. Aug. 18, 1999).  The Committee correctly points out the danger of allowing a tardy intervention, well beyond the ten-day time period, particularly by a party seeking to be an appellant.  Granting intervention to Movants, under these circumstances, could render the Rule, and the cases construing it, meaningless.

**"Parties in Interest"**

Movants insist they may be heard in this appeal by the operation of  §1109(b) as "parties in interest."  There is some dispute among the circuits as to whether § 1109(b) allows parties to be heard in appeals or adversary proceedings, as distinguished from the core bankruptcy case.  Moreover, Movants believe they are "parties in interest" because they are administrative claimants.  Yet, administrative claimants do not enjoy *per se* "party in interest" status.  *In Re Taylor Transport, Inc*., 28 B.R. 832, 834-835 (Bankr. N.D. Ohio 1983).  Further, the Committee disputes that Movants are administrative claimants because the Committee construes their claims as contingent and unliquidated.  In any event, the validity of Movants' administrative claims are not properly before this Court; and, thus, intervention cannot be permitted under the authority of § 1109(b).

**Conflicting Interests**

At the outset, Movants make the argument they did not act sooner because they believed LTV Steel was protecting their interests.  This stretches credulity since LTV was

being asked to sue Movants for their alleged misconduct while employed with LTV Steel. When LTV refused to act, the Committee received the Bankruptcy Court's permission to bring an action on behalf of the bankrupt estate. Certainly, LTV is not "on the same side" as the former employees/Movants.

Also, Movants assert, on the one hand, that their positions are not fairly represented by Appellant, Glenn Moran. Yet, they seek joinder into Moran's appeal as **appellants**. Moran has not addressed this question on his own behalf; but this Court can take notice that Moran should not have to endure the delay and complication that intervention may cause.

In addition, Movants have presented no evidence of collusion between Moran and the Committee. Moran's interests are aligned with Movants since his conduct as a director/officer/employee with LTV is being investigated. Moran's diligence in prosecuting the case is unquestioned since he filed his appeal in a timely manner after Judge Baxter's ruling. Conducting its analysis under Fed. R. Civ. P. 24(a)(2), this Court can identify no problem with the adequacy of Moran's representation of Movants' interests. *In Re CVC*, 106 B.R. 479- 480.

### *Amicus Curiae* **Briefs**

Alternatively, Movants ask permission to submit *amicus curiae* briefs. Allowing *amicus curiae* participation is totally within the Court's discretion. "Classical participation as an amicus to brief and argue as a friend of the court was, and continues to be, a privilege within "the sound discretion of the courts," *see Northern Sec. Co. v. United States*, 191 U.S. 555, 24 S.Ct. 119, 48 L.Ed. 299 (1903); 4 Am. Jur. 2d, Am. Cur. § 4 at 113, (depending upon a finding that the proffered information of amicus is timely, useful, or otherwise necessary to

Case: 1:05-cv-02285-CAB  Doc #: 39  Filed: 09/05/06  8 of 8.  PageID #: 3024


the administration of justice)." *United States v. Michigan*, 940 F. 2d 143, 165 (6th Cir. 1991). Even when briefing is allowed, then, it is in circumstances of public interest or in furtherance of the administration of justice. "The orthodox view of amicus curiae was, and is, that of an *impartial* friend of the court - not an adversary party in interest in the litigation." *Id*. Here, Appellant Moran is represented by competent counsel, who does not need Movants' assistance nor the submission of Movants' version of the facts. In Movants' stated view, Moran does not represent their interests; so, this proposed *amicus* brief would necessarily be adversary in nature. That flies in the face of the traditional view of amicus curiae participation.

### III. CONCLUSION

For all of these reasons, and upon consideration of the applicable law, arguments and submitted evidence, the Motion of Dennis Babcock, James Baske, Eric Evans, and George Henning to Intervene or for Leave to File Amicus Curiae Brief is denied.

**IT IS SO ORDERED**.

DATE: ___September 5, 2006_____

s/Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**